# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. PHENIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1648 CAS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the Court on plaintiff's application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1)(B). The Commissioner does not object to the request for attorney's fees.

### *Background*

On October 5, 2009, plaintiff Eddie L. Phenix filed the above-captioned cause of action challenging the denial of his application for supplemental security income benefits under Title XVI of the Social Security Act 42 U.S.C. §§ 1381 et seq. On March 24, 2011, the undersigned declined to adopt the Report and Recommendation of United States Magistrate Mary Ann L. Medler, and ordered that the decision of the administrative law judge ("ALJ") be reversed. The Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Following the order of remand, plaintiff's counsel filed the present application for attorney's fees.

Plaintiff seeks attorney's fees for 29.5 hours of work done by attorney Nancy Mogab at the rate of $163.59 per hour. The total amount of fees sought by plaintiff is Four Thousand Eight Hundred Twenty-Five Dollars and Ninety Cents ($4,825.90).

Defendant responded to plaintiff's motion and did not oppose plaintiff's request. Defendant represented, however that "[d]efendant contacted Plaintiff's counsel about the itemization of hours and reached an agreement for a total EAJA fee payment of $4,641.00." See Doc. 34 at 1. Plaintiff did not file a reply memorandum, and the time to do so has expired.

*Discussion*

The Court finds the award of fees is proper in this case. Section 2412 of the Equal Access to Justice Act (EAJA) provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. Id. Plaintiff has met all of these requirements in the instant matter. Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("a party who wins a sentence-four remand order is a prevailing party.") The Court, therefore, will award plaintiff the amount of fees agreed upon by the parties, Four Thousand Six Hundred Forty-One Dollars ($4,641.00)

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees is **GRANTED.**
[Doc. 33]

**IT IS FURTHER ORDERED** that plaintiff is awarded attorney's fees in the amount of Four Thousand Six Hundred Forty-One Dollars ($4,641.00).  The award shall be made payable to Eddie L. Phenix.  See Astrue v. Ratliff, 130 S. Ct.2521 2529 (2010).

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___19th___ day of September, 2011.